**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TREMAINE MURPHY, : | |
| : | Civ. Action No. 17-2632 (RMB) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **OPINION** |
| NEW JERSEY DEP'T OF CORR., : | |
| *et al.*, : | |
| : | |
| Defendants. : | |

**BUMB**, District Judge:

Plaintiff Tremaine Murphy, an inmate incarcerated in South Woods State Prison, in Delmont, New Jersey, filed a civil rights action under 42 U.S.C. § 1983 on April 17, 2017. (Compl., ECF No. 1.) On May 24, 2017, Plaintiff subsequently filed an amended complaint. (Am. Compl., ECF No. 2.) He seeks to proceed without prepayment of fees ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a). (IFP App., ECF No. 1-1.) Plaintiff has filed a properly completed IFP application, establishing his financial eligibility to proceed *in forma pauperis*, and his application will be granted.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can

2

be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. DISCUSSION

    A. The Amended Complaint

In his amended complaint, Plaintiff incorporates the original complaint. (ECF No. 2 at 3, ¶1.) Assuming Plaintiff intended to sue all defendants named in both complaints, the defendants are: the New Jersey Department of Corrections ("NJDOC"), South Woods State Prison, Administrator of South Woods State Prison, Correctional Officer Romeo at South Woods State Prison, and Correctional Officer "John Doe" at South Woods State Prison. (Compl., ECF No. 1; Am. Compl., ECF No. 2.)

Plaintiff alleges the following in the amended complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). On February 12, 2016, at South Woods State Prison, Plaintiff was attacked by several inmates who beat him with their fists and a lock in a sock, rendering him unconscious and causing severe damage to his right eye, left cheek, and base of the head. (Am. Compl., ECF No. 2 at 3-5.) Plaintiff alleges Correctional Officers Romeo and the unidentified control booth officer, referred to as "John Doe,"

3

conspired to pay three inmates to attack Plaintiff in retaliation for Plaintiff filing an inmate grievance against Officer Romeo. (Id. at 4-5.) Officer John Doe opened the cells of the attackers so they could attack Plaintiff during the afternoon meal movement. (Id. at 5.) Officers Romeo and "John Doe" stood by and watched while Plaintiff was beaten, and did nothing to prevent or intervene in the beating. (Id.) Plaintiff in no way instigated the attack on him. (Id. at 7.)

Plaintiff alleges violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, asserting jurisdiction under 42 U.S.C. § 1983; and he asserts unidentified claims under New Jersey law. (Id. at 4, 7.) Plaintiff seeks declaratory relief, money damages, and costs. (ECF No. 2 at 8.)

B. Section 1983 claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

    1.   Fourth, Fifth, Eighth and Fourteenth Amendment Claims

The defendant officers did not use force against Plaintiff, but they are alleged to have paid inmates to attack him. "[G]ratuitously allowing the beating . . . of one prisoner by another serves no 'legitimate penological objectiv[e].'" Farmer v. Brennan, 511 U.S. 825 (1994)(quoting Hudson v. Palmer, 468 U.S. [517,] 548 [(1984)](STEVENS, J., concurring in part and dissenting in part)). The claim arises under the Eighth Amendment's protection against cruel and unusual punishment.

"New Jersey Courts 'have consistently looked to federal § 1983 jurisprudence for guidance' and have 'repeatedly interpreted NJCRA analogously to § 1983.'" Ingram v. Township of Deptford, 911 F.Supp.2d 289, 298 (D.N.J. 2012)(quoting (Gonzalez v. Auto Mall 46, Inc., Nos. 2412-09 & 216-10, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012)(citing Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J.

5

Super. 103 (2011), cert. denied, 208 N.J. 366 (2011)(additional citations omitted). The Court will proceed the Eighth Amendment claim, and its counterpart under the New Jersey Civil Rights Act N.J.S.A. § 10:6-1 et seq. ("NJCRA"), against Officers Romeo and John Doe.

The Court will also proceed the Eighth Amendment failure to protect claim, and its counterpart under the New Jersey Civil Rights Act ("NJCRA"), against Officers Romeo and John Doe for allegedly standing by and watching while Plaintiff was beaten by three inmates. *See Farmer* 511 U.S. at 825 (a prison official's deliberate indifference to sufficiently serious threats to inmate health and safety violates the Eighth Amendment.) The Court, however, cannot discern a cognizable claim in the amended complaint under the Fourth, Fifth or Fourteenth Amendments of the United States Constitution, and those claims, and their counterparts under the New Jersey Civil Rights Act, will be dismissed without prejudice.

    2.    <u>Defendants NJDOC and South Woods State Prison</u>

Plaintiff named the NJDOC as a defendant in this action. The NJDOC is a state agency immune from § 1983 claims for money damages under the Eleventh Amendment. <u>See Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 384 (1998))(a suit in federal court against a state or one of its agencies is barred by the Eleventh Amendment unless the state waives its

immunity)(citations omitted). "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." Mierzwa v. U.S., 282 F. App'x 973, 976 (3d Cir. 2008). Therefore, the Court will dismiss Plaintiff's § 1983 and NJCRA claims for money damages against NJDOC with prejudice.

Plaintiff also named South Woods State Prison as a defendant because it is the place where the alleged misconduct occurred. (Compl., ECF No. 1 at ¶4(c)). A prison is not a "person" who can be sued under 42 U.S.C. § 1983. Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)). The Court will dismiss the § 1983 and NJCRA claims against South Woods State Prison with prejudice.

    3.    <u>Defendant Administrator of South Woods State Prison</u>

Plaintiff sued the administrator of South Woods State Prison in the original complaint, incorporated by reference into the amended complaint. In the body of the original complaint, Plaintiff alleged the unit where he was attacked was not properly supervised. (ECF No. 1, ¶2(c)). To state an Eighth Amendment supervisory claim under § 1983, a plaintiff must allege facts supporting the conclusion that the "supervisor 'knew or w[as] aware of and disregarded an excessive risk to the

7

plaintiff['s] health or safety [.]'" Palakovic v. Wetzel, 854 F.3d 209, 225 n. 17 (*quoting* Beers-Capitol v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001).

Alternatively, a plaintiff may allege a specific supervisory practice or procedure that the supervisor failed to employ that created an unreasonable risk of an inmate on inmate attack, that the supervisor was aware the unreasonable risk existed and was indifferent to that risk, and that the failure to employee the supervisory practice or procedure resulted in the attack on Plaintiff, and the failure of officers to intervene. See Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(defining elements of supervisory liability claim based on failure to institute a specific supervisory practice or procedure.)

Plaintiff has pled only the legal conclusion that the unit where he was attacked was not properly supervised. This is insufficient to state a claim against the administrator. Therefore, the Court will dismiss the § 1983 and NJCRA claims against the administrator without prejudice. If Plaintiff seeks to amend these claims, he must provide additional facts regarding the administrator's knowledge of and role in the alleged constitutional violation.

    4.   <u>First Amendment Retaliation Claim</u>

Plaintiff alleges Officers Romeo and John Doe conspired to pay three inmates to beat Plaintiff in retaliation for Plaintiff filing a grievance against Officer Romeo. The elements of a retaliation claim include (1) constitutionally protected conduct, (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)(quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)(alteration in original). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (citing Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997); Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997)).

Filing a grievance in prison is constitutionally protected conduct. See Mitchell, 318 F.3d at 530 (citing Babcock v. White, 102 F.3d 267, 275-76 (7th Cir. 1996)(prisoner could survive summary judgment on his claim that prison officials

retaliated against him for "use of the 'inmate grievance system' and previous lawsuits"). Paying three inmates to beat another inmate is obviously a sufficient adverse action sufficient to deter a person of ordinary firmness from engaging in a protected activity.

Plaintiff, however, has not sufficiently pled the causation element of a retaliation claim. He has not alleged facts to support an inference that the amount of time between when he filed a grievance against Officer Romeo and the attack on him by three inmates suggests a connection between the two, nor has he alleged a pattern of antagonism with Officers Romeo and John Doe, close in time to the attack on him by three inmates. The Court will dismiss these claims under § 1983 and the NJCRA without prejudice.

        5.   Conspiracy Claim under § 1983

Plaintiff alleged Officers Romeo and John Doe conspired to pay three inmates to attack Plaintiff, and that John Doe opened the inmates' cells to give them an opportunity to attack Plaintiff during meal service. (Am. Compl., ECF No. 2 at 4-5.) "'[A]llegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 185 (3d Cir. 2009)(quoting Crabtree By and Through Crabtree v. Muchmore, 904 F.2d 1475,

1481 (10th Cir. 1990) (internal quotations and citations omitted)). Plaintiff failed to allege any facts that led him to the conclusion that Officer Romeo and Officer John Doe agreed to and actually paid three inmates to attack Plaintiff. Without any facts supporting the conclusion of a conspiracy, the claim fails. The Court will dismiss the § 1983 and NJCRA conspiracy claims against Officers Romeo and John Doe without prejudice.

III. CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's IFP application, and proceeds the amended complaint in part.

An appropriate order follows.

Dated: June 8, 2017

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge